Chief Judge Coughenour

04-CR-00173-STIP



FILED LODGED RECEIVED
APR 13 2004
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
BY DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR04-0173C |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ALPHA TECHNOLOGIES, INC. | |
| Defendant. | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Robert Westinghouse and Susan Loitz, Assistant United States Attorneys for said District, and the defendant ALPHA TECHNOLOGIES, INC. ("ATI"), by and through its attorneys, Robert M. McCallum and Bradley A. Smith, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1. **Waiver of Indictment.** Defendant ATI, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge.** Defendant ATI, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information:

Aiding and Assisting in the Preparation and Presentation of a False Income Tax Return in violation of Title 26, United States Code, Section 7206(2)

PLEA AGREEMENT - 1
Alpha Technologies, Inc.

By entering this plea of guilty, Defendant ATI hereby waives all objections to the form of the charging document.

2. <u>Corporate Authorization</u>. Defendant ATI represents that it is authorized to enter into this Plea Agreement. On or before the date of entry and filing of the Plea Agreement, ATI shall provide to the United States and the Court a true and correct copy of the resolution issued by ATI's Board of Directors authorizing ATI to enter into this Plea Agreement and to appear at the Rule 11 hearing and enter the plea on behalf of the company. ATI has voluntarily agreed to appear at the guilty plea hearing through an officer of the company.

3. <u>Elements of the Offense</u>. The elements of the offense of Aiding and Assisting in the Preparation and Presentation of a False Income Tax Return as charged in the Information, in violation of Title 26, United States Code, Section 7206(2), are as follows:

First, Defendant ATI assisted or advised Defendant G. B. Enterprises, Inc. ("GBE") in the preparation and presentation of an income tax return for GBE for the calendar year 1996 that was false as to a material matter;

Second, the return contained a written declaration that it was made under the penalties of perjury;

Third, Defendant ATI did not believe the return to be true and correct as to the material matter charged in the Information; and,

Fourth, Defendant ATI acted willfully, with the specific intent to violate the law.

4. <u>The Penalties</u>. Defendant ATI understands that the statutory penalties for the offense of Aiding and Assisting the Preparation and Presentation of a False Income Tax Return, as charged in the Information, are as follows:

A fine of up to Five Hundred Thousand dollars ($500,000.00); a period of probation of up to Five (5) years; assessment of the costs of prosecution; and a Four Hundred dollar ($400.00) penalty assessment.

PLEA AGREEMENT - 2
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Defendant ATI understands that in addition to the statutory maximum penalties set forth above, the Court may order Defendant ATI to pay restitution to any victim of the offense, including all past due tax liabilities, civil penalties, and interest as required by law.

Defendant ATI further understands that it may be fined under the Alternative Fines Provision set forth in Title 18, United States Code, Section 3571(d), which provides: "If any person derives pecuniary gain from the offense, or if the offense results in a pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process."

Defendant ATI agrees that the special assessment is due and payable upon entry of the guilty plea and any other monetary penalty the Court imposes, including any fine or costs, is due and payable immediately upon imposition of the sentence provided for in this Plea Agreement. Defendant ATI further agrees that if any financial obligation imposed by the court at sentencing is not paid in full at sentencing, ATI will submit completed Financial Statement of Debtor forms as requested by the United States Attorney's Office.

Defendant ATI and the United States further understand that, pursuant to Rule 11(c)(1)(C), the specific sentence that the Court must impose in this case has been agreed upon by the parties and the Court, if it accepts the pleas of guilty, must either impose the specified sentence or allow Defendant ATI to withdraw its plea of guilty and the United States to withdraw from this Plea Agreement.

5. <u>Rights Waived by Pleading Guilty</u>. Defendant ATI understands that, by pleading guilty, it knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty, and to persist in a plea of not guilty;
    b. The right to a speedy and public trial before an impartial jury;

PLEA AGREEMENT - 3
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. <u>Applicability of Sentencing Guidelines</u>. Defendant ATI understands that the United States Sentencing Guidelines promulgated by the United States Sentencing Commission apply to this case, subject to the terms of this Plea Agreement and Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Specifically, the November 1995 Edition of the Federal Sentencing Guidelines Manual, as amended through November 1, 1996, shall apply to this case.

Defendant ATI may not withdraw its guilty plea solely because of the sentence imposed by the Court, provided the Court imposes the specific sentence provided for in this Plea Agreement.

7. <u>Ultimate Sentence</u>. Defendant ATI acknowledges that this Plea Agreement is governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Pursuant to Rule 11(c)(1)(C), the United States and Defendant ATI have agreed that the specific sentence that the Court must impose in this case is as follows:

a. <u>Fine</u>. A fine of Five Hundred Thousand dollars ($500,000.00). Said fine is due and payable immediately upon imposition of the sentence provided for in this Plea Agreement.

PLEA AGREEMENT - 4
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

b. <u>Assessment</u>. A penalty assessment of Four Hundred dollars ($400.00). Said assessment is due and payable upon entry of the guilty plea. No additional assessment for costs of prosecution will be imposed on Defendant ATI.

c. <u>Probation</u>. Organizational probation for a period of one (1) year pursuant to USSG Sections 8D1.1 and 8D1.2. The terms of probation shall include the following standard conditions (1) through (7), with the modification of condition (7) as set forth below, and specific provisions (8) through (11):

(1) Within thirty days from the date of this judgment, Defendant ATI shall designate an officer to act as its representative and to be the primary contact with the probation officer;

(2) Defendant ATI shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(3) Defendant ATI shall notify the probation officer ten days prior to any change in principal business or mailing address;

(4) Defendant ATI shall permit a probation officer to visit at any of its operating business sites;

(5) Defendant ATI shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against it;

(6) Defendant ATI shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this Court are either fully satisfied or are equally enforceable against ATI's successors and assigns; and

(7) Defendant ATI shall not waste, nor without permission of the probation officer sell, assign or transfer its assets, unless this judgment and all criminal monetary penalties imposed by this Court are fully satisfied.

(8) <u>No Further Violations</u> – Defendant ATI shall commit no further tax offenses nor aid and assist any other individual or business entity in the

PLEA AGREEMENT - 5
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

commission of any further tax offenses, including any offense involving the improper claim of a deduction from income of any amount of commission when the commission or a portion thereof is transferred to a foreign bank account or to a foreign business entity or to an individual in a foreign country for any purpose other than to pay ordinary and necessary business expenses incurred by ATI. Nothing herein shall prohibit the United States from proceeding administratively, civilly, or criminally against Defendant ATI in any separate proceeding for any such alleged tax offense involving any subsequent tax period.

(9) <u>Accounting for Foreign Transfers</u> – On an annual basis, Defendant ATI will provide an accounting to the United States Probation Office of all transfers of funds to and from foreign bank accounts and to and from foreign business entities and to and from all individuals in foreign countries in which it is a participant or where such transfers are undertaken at its direction or on its behalf, and will, if requested by the United States Probation Office, provide the transfer documents showing the source of and the recipient of, including originating and receiving banks, all international transfers of funds, and all documents relating to the reasons for the transfers.

(10) <u>Tax and Accounting Staff</u> – Defendant ATI shall form a tax and accounting staff separate and apart from Defendant GBE.

(11) <u>Independent CPA Firm</u> – Defendant ATI shall engage an independent CPA firm not previously associated with the preparation of its income tax returns to prepare ATI's income tax returns.

8. <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant ATI's guilty plea and for purposes of calculating the base offense level of the Sentencing Guidelines. Defendant ATI admits it is guilty of the charged offense.

a. Defendants Alpha Technologies, Inc. and G. B. Enterprises, Inc. are Washington corporations, with their principal places of business in Bellingham, Washington. Fred Kaiser controls ATI and a group of related "Alpha" corporate

PLEA AGREEMENT - 6
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

entities worldwide. The Alpha corporate entities manage product lines that include uninterruptible power supplies and related products for the cable television and cellular telephone industries. Grace L. Borsari is the sole shareholder of GBE, which manufactures "Alpha" branded products. Mr. Kaiser and Ms. Borsari are close business associates.

   b. In 1996, GBE paid an eight percent "sales commission" on most product sales to ATI, the entity primarily responsible for administration and sales. ATI was responsible for the maintenance of a regional sales network principally comprised of independent sales representatives. ATI paid these independent sales representatives a smaller sales commission, amounting to approximately one-half of the gross sales commissions.

   c. The balance of the sales commissions paid by GBE to ATI was recorded on ATI's books in a commissions clearing account. From time to time during 1996, at the direction of Mr. Kaiser, ATI wire transferred amounts from the commissions clearing account either to Alpha Technologies GRC, Ltd., a Cayman Islands corporation, or to Alphatec. Ltd., a Cypriot corporation.

   d. GBE reported the entire amount of its sales commissions paid into the ATI commissions clearing account as an ordinary and necessary business expense for which GBE claimed a deduction. However, in truth, GBE and ATI knew that GBE was only entitled to deduct that portion of the sales commissions that was actually paid to independent sales representatives and could not deduct that portion of the sales commissions that was transferred off-shore to Alpha Technologies GRC, Ltd. and Alphatec, Ltd., both of which were controlled by Fred Kaiser. These residual commissions were not bona fide ordinary and necessary business expenses because there were no services rendered to GBE or ATI and, consequently, there was no justification for the deduction of these residual commissions by GBE.

   e. For 1996, GBE reported in its federal tax return sales commissions of $9,577,418. In truth, $5,031,490 was improperly included in the claimed deduction.

PLEA AGREEMENT - 7
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

This failure to accurately report only the legitimate business expense relating to sales commissions results in an additional tax owing for 1996 of $1,721,869. For the eight year period beginning in 1994 and continuing through 2001, GBE exaggerated its true sales commissions by $56,879,852, thereby resulting in an additional tax liability in excess of $19,564,000, exclusive of civil penalties and interest.

  f. Defendant ATI aided and assisted in the preparation and presentation of the 1996 federal income tax return for Defendant GBE.

  9. *Non-Prosecution of Additional Offenses*. As part of this Plea Agreement and the plea agreement between the United States and Defendant GBE (the "GBE Plea Agreement"), the United States Attorney's Office for the Western District of Washington and the Tax Division of the United States Department of Justice agree not to prosecute Defendants ATI and GBE for any additional offenses known to them as of the time of this Agreement that are based upon evidence in their possession at this time, or that arise out of the conduct giving rise to this investigation, i.e., the improper deduction as a business expense of sales commissions paid by GBE to ATI and transferred by ATI off-shore. The United States Attorney's Office for the Western District of Washington and the Tax Division of the United States Department of Justice further agree not to prosecute Fred Kaiser, Grace L. Borsari, or any employee (or agents) of either Defendant ATI or GBE, individually, for any offenses that are based upon evidence in their possession at this time, or that arise out of the conduct giving rise to this investigation, i.e., the improper deduction as a business expense of sales commissions paid by GBE to ATI and transferred by ATI off-shore. This agreement not to prosecute includes any offenses committed in connection with the IRS civil audit and/or the criminal tax investigation of ATI, GBE and/or any agent or employee of the corporations. In this regard, Defendant ATI recognizes that the United States has agreed not to prosecute all of the criminal charges that the United States contends were committed by these defendants and by individuals associated with or employed by these defendants solely because of the promises made by ATI in this Plea Agreement and by

PLEA AGREEMENT - 8
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Defendant GBE in the GBE Plea Agreement. Defendant ATI acknowledges, however, that the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by each of the defendants.

10. <u>Voluntariness of Plea</u>. Defendant ATI acknowledges that it has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant ATI to enter this plea of guilty.

11. <u>Statutes of Limitation</u>. In the event that this Agreement or the GBE Plea Agreement is not accepted by the Court for any reason, or Defendants ATI and/or GBE have breached any of the terms of their respective Plea Agreements, all statutes of limitation that have not expired as of the date of this Plea Agreement shall be deemed to have been tolled from the date of this Plea Agreement to: (1) 30 days following the date of non-acceptance of this Plea Agreement or the GBE Plea Agreement by the Court; or (2) 30 days following the date on which a breach of this Plea Agreement or the GBE Plea Agreement by a defendant is discovered by the United States Attorney's Office.

12. <u>Application of this Plea Agreement</u>. The United States and Defendant ATI acknowledge that this Plea Agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If the Court rejects any part of the sentence provided for in this Plea Agreement, the United States and Defendant ATI will be given the opportunity to withdraw from the Plea Agreement and Defendant ATI will be given the opportunity to withdraw the plea of guilty.

13. <u>Post-Plea Conduct</u>. Defendant ATI understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Plea Agreement. If between the date of this Plea Agreement and sentencing either or both of Defendants ATI and GBE should engage in conduct that would warrant an increase in either defendant's adjusted offense level or justify an upward departure under the Sentencing Guidelines (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending

PLEA AGREEMENT - 9
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

sentencing, and false statements to law enforcement agents, the probation officer or Court), the United States is free under this Plea Agreement to withdraw from this Plea Agreement.

14. <u>Interdependence of Plea Agreements</u>. This Plea Agreement shall be conditioned upon the Court's acceptance of the GBE Plea Agreement. ATI understands that this Plea Agreement is one part of a two-part package plea agreement with the United States, and that if GBE does not enter a plea pursuant to its agreement with the United States, or subsequently withdraws its plea entered pursuant to that agreement prior to sentencing, ATI will be free to withdraw its plea under this Plea Agreement and the United States will be free to withdraw from both plea agreements. This Plea Agreement is also conditioned upon the execution by Defendant GBE of the Closing Agreement as provided in paragraph 8 of the GBE Plea Agreement.

15. <u>Completeness of Agreement</u>. The United States and Defendant ATI acknowledge that these terms together with the GBE Plea Agreement and the Closing Agreement constitute the entire agreement between the parties. This Plea Agreement only binds the United States Attorney's Office for the Western District of Washington and the Tax Division of the United States Department of Justice. It does not bind any

//
//
//
//
//
//
//
//
//
//
//

PLEA AGREEMENT - 10
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 13th day of April, 2004.

Defendant Alpha Technologies, Inc.

By: _____

Its: President

_____
ROBERT M. McCALLUM
Attorney for Alpha Technologies, Inc.

_____
BRADLEY A. SMITH
Attorney for Alpha Technologies, Inc.

_____
ROBERT WESTINGHOUSE
Assistant United States Attorney

_____
SUSAN LOITZ
Assistant United States Attorney

PLEA AGREEMENT - 11
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

| | |
|---|---|
| 1 | |
| 2 | # INSTRUCTIONS FOR PAYING SPECIAL ASSESSMENTS PRIOR TO SENTENCING |

1. Special Assessments paid prior to sentencing must be paid to the Clerk, United States District Court.

2. Special Assessments must be paid by a first party, certified, or cashiers check, or a money order. No second party checks will be accepted. No post-dated checks will be accepted.

3. All checks must be made out in U.S. dollars to "Clerk, U.S. District Court."

4. All checks or money orders must be accompanied by the attached form entitled, "Plea Agreement Special Assessment Payments." The entire form must be filled out or the Clerk, United States District Court, will not accept the payment.

## PLEA AGREEMENT SPECIAL ASSESSMENT PAYMENT

DATE: _____

FROM: _____

TO: CLERK, U.S. DISTRICT COURT
ATTN: INTAKE TEAM

CASE NAME: United States v. Alpha Technologies, Inc.

CASE DOCKET NUMBER: _____

DEFENDANT'S NAME: Alpha Technologies, Inc.

SINGLE OR MULTIPLE DEFENDANTS: Single

TOTAL SPECIAL ASSESSMENT AS SET FORTH IN THE PLEA AGREEMENT: $400.00

PLEA AGREEMENT - 12
Alpha Technologies, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970