HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>            Plaintiff, <br> v. <br> ALPHA TECHNOLOGIES, INC., <br>            Defendant. | NO. CR04-0173C <br><br> DEFENDANT'S SENTENCING MEMORANDUM <br><br> **Sentencing Hearing:** <br> **June 25, 2004** |

## I. INTRODUCTION

Alpha Technologies, Inc. ("ATI"), by and through its attorneys, Robert M. McCallum and Bradley A. Smith, submits this memorandum in connection with the sentencing hearing scheduled for June 25, 2004. The sentencing is scheduled jointly with the sentencing in United States v. G. B. Enterprises, Inc., No. CR04-0172C. Due to the factual relationship between these two cases, this memorandum discusses both cases. For the reasons stated below, ATI respectfully requests that the Court impose the sentences provided for in the two plea agreements proposed by the United States Attorney, ATI and G. B. Enterprises, Inc. ("GBE"), both of which plea agreements are supported by the United States Probation Office.

//
//

DEFENDANT ALPHA TECHNOLOGIES, INC.
SENTENCING MEMORANDUM – 1

LeSOURD & PATTEN, P.S.
600 University Street, Suite 2401
Seattle, Washington 98101-4121
(206) 624-1040   FAX: (206) 223-1099

## II. SUMMARY OF SENTENCING RECOMMENDATION

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States, ATI and GBE request that the Court impose the sentences provided for in the plea agreements. The primary elements of the sentences are summarized below.

- ATI agrees to pay the maximum statutory fine of $500,000
- ATI agrees to be sentenced to probation for a period of one year
- GBE agrees to pay the maximum statutory fine of $500,000
- GBE agrees to be sentenced to probation for a period of three years
- GBE agrees to make full restitution of more than $35,000,000

In addition, both ATI and GBE have paid $400 special assessments to the Clerk of the Court. In light of the fine and restitution to be paid by GBE, the total financial cost imposed on the two companies in connection with the settlements exceeds $36 million.

## III. PROBATION OFFICE RECOMMENDATION

The U.S. Probation Office fully supports the settlements proposed by the U.S. Attorney, ATI and GBE. There are no formal objections, under Federal Rule of Criminal Procedure 32, to be resolved prior to sentencing.

## IV. ALL FINES & RESTITUTION WILL BE PAID IN FULL

ATI and GBE have each agreed to pay the maximum statutory fine, in the amount of $500,000, immediately after the Court's imposition of the sentences provided for in the plea agreements. Further, GBE has agreed to make full restitution to the Internal Revenue Service ("IRS"). The restitution is comprised of income tax, civil tax penalties, and accrued interest on the income tax and civil penalties. Part of the restitution has already been paid in the form of estimated income tax payments. GBE has agreed to pay the balance of the restitution, in the amount of $32,911,999, immediately upon imposition of the sentences provided for in the plea agreements.

//

DEFENDANT ALPHA TECHNOLOGIES, INC.
SENTENCING MEMORANDUM – 2

LeSOURD & PATTEN, P.S.
600 University Street, Suite 2401
Seattle, Washington 98101-4121
(206) 624-1040  FAX: (206) 223-1099

## V. TERMS OF PROBATION

ATI and GBE have both agreed to be sentenced to organizational probation. The conditions of probation for each company are substantially the same. For instance, in addition to the Court's standard conditions of probation, both of the companies have agreed to three additional specific conditions. First, each company will account for all foreign transfers of funds on an annual basis. Second, ATI and GBE will each employ a tax and accounting staff separate and apart from the other. Third, ATI and GBE will each engage an independent CPA firm not previously associated with the preparation of its income tax returns to prepare its tax returns in the future.

## VI. PLEAS REPRESENT NEGOTIATED COMPROMISE

The Government's sentencing memorandum alludes to a number of issues about which the Government and ATI disagree, but which form the basis for a compromise. The following comments describe some of those issues.

A. <u>Alleged single-minded obsession with tax avoidance</u>

ATI and GBE paid over $14,000,000 in Federal income tax during the years at issue in the criminal investigation. ATI and GBE paid the taxes on net income attributable to the management, engineering and sales support services provided by ATI and its subsidiary, Comm/Net, Inc., and the manufacturing and distribution functions performed by GBE. Moreover, as Judge Learned Hand wrote seventy years ago, "[a]nyone may so arrange his affairs that his taxes shall be as low as possible; he is not bound to choose that pattern which will best pay the Treasury; there is not even a patriotic duty to increase one's taxes." Helvering v. Gregory, 69 F.2d 809, 810 (2d Cir. 1934), aff'd, 293 U.S. 465 (1935).

Furthermore, three jurisdictions now assert the right to tax the same income at issue in these cases. First, Alphatec reported the "residual commissions" at issue in Cyprus. As a result, those amounts have been taxed in Cyprus. Second, the Canadian tax authority asserts the right to tax the "residual commissions" paid through April of 1997. The total

DEFENDANT ALPHA TECHNOLOGIES, INC.
SENTENCING MEMORANDUM – 3

LeSOURD & PATTEN, P.S.
600 University Street, Suite 2401
Seattle, Washington 98101-4121
(206) 624-1040  FAX: (206) 223-1099

amount sought in the Canadian civil tax controversy is now approximately CA$30,000,000. Third, as an integral part of the settlement of the criminal prosecutions, the IRS proposes to increase the gross income shown on GBE Forms 1120 U.S. Corporation Income Tax Return, for the years 1994 through 2001, by $56,879,852, as an approximation of deductions claimed by GBE for business expenses payable to Alphatec. To settle the civil tax consequences of this case with the IRS and the criminal prosecution with the U.S. Attorney and the U.S. Department of Justice, GBE has agreed to the proposed adjustments.

  B. <u>Appropriateness of payments</u>

    The Government correctly states that ATI would claim at trial that the "residual commissions" payments at issue represented appropriate compensation. For many years, Mr. Kaiser received nominal compensation from ATI and he considered the amounts at issue to be fair and equitable compensation for many years of very hard work.

  C. <u>Alleged failure to acknowledge the payments to Cyprus</u>

    Mr. Kaiser had almost no direct involvement in the IRS audit that led to the criminal prosecutions. He was constantly on the move focusing on his customers. However, in the one and only meeting between Mr. Kaiser and the IRS, Mr. Kaiser voluntarily appeared and did, in fact, indicate that "residual commissions" were being paid to Alphatec in Cyprus, as is shown by the IRS agents' notes and schematic diagrams made during the meeting.

  D. <u>Alleged obstructionist behavior</u>

    The Government seems to equate resisting a grand jury subpoena with obstruction of justice. ATI disagrees. After inquiry, ATI counsel have not been informed of any conduct that constitutes obstruction of justice in these cases. Further, it is our understanding that the witness referenced by the Government independently retained legal counsel and asserted privilege with respect to certain documents requested in the subpoena.

//
//

DEFENDANT ALPHA TECHNOLOGIES, INC.
SENTENCING MEMORANDUM – 4

LeSOURD & PATTEN, P.S.
600 University Street, Suite 2401
Seattle, Washington 98101-4121
(206) 624-1040　FAX: (206) 223-1099

E. <u>Government statements regarding extradition</u>

Counsel for ATI cannot comment on "information provided to federal law enforcement agents" regarding Mr. Kaiser's whereabouts, as that information has not been provided by the Government. However, while Mr. Kaiser has for the past 25 years regularly attended industry trade shows in the United States as an important part of his customer-centric business philosophy, he is typically present in the United States on less than 120 days per year. Throughout this eight year investigation, Mr. Kaiser has traveled to and from the United States on a regular basis.

F. <u>Reliance on advice of counsel</u>

The Government also correctly states that individuals at ATI and GBE relied on the advice of legal and accounting professionals, and that the Government would encounter a "stiff defense" at trial based on the deductibility of the "residual commissions" payments at issue. In fact, during the criminal investigation, GBE's prior counsel, who represented GBE from 1998 through 2003, filed the GBE Forms 1120 U.S. Corporation Income Tax Return, for the years 1997 through 2001, showing the deductions at issue. GBE's counsel was aware of the facts regarding those deductions and disclosed the fact that the deductions were being claimed on the returns.

## VII. CONCLUSION

The civil and criminal investigation in this matter has gone on for over eight years, in large part because of the perception on the part of the IRS that it was misled by a former Chief Financial Officer in the course of an IRS audit. In fact, the prosecutions are as much about the circumstances that created that perception as they are about the deductibility of the "residual commissions" payments to Alphatec.

As the government has indicated in its sentencing memorandum, the plea agreements under Rule 11(c)(1)(C) represent a negotiated compromise. To settle the criminal prosecutions with the U.S. Attorney and the U.S. Department of Justice, GBE and ATI have agreed that

DEFENDANT ALPHA TECHNOLOGIES, INC.
SENTENCING MEMORANDUM – 5

LeSOURD & PATTEN, P.S.
600 University Street, Suite 2401
Seattle, Washington 98101-4121
(206) 624-1040  FAX: (206) 223-1099

GBE's Form 1120 U.S. Corporation Income Tax Return, for the calendar year 1996, was false as to a material matter. Further, ATI has agreed that it assisted in the preparation of the GBE Form 1120, for the 1996 tax year, as part of the tax and accounting services provided to GBE.

In conclusion, we urge the Court to impose the agreed upon sentences, which are recommended by all of the parties in this matter, as well as the United States Probation Office. The time has come for all parties to put this matter behind them and, most importantly, for the companies and their employees to move forward.

RESPECTFULLY SUBMITTED this 20th day of June, 2004.

LeSOURD & PATTEN, P.S.

---
ROBERT M. McCALLUM
Attorney for Alpha Technologies, Inc.
Washington State Bar Number 16373
LeSourd & Patten, P.S.
600 University Street, Suite 2401
Seattle, Washington, 98101
Telephone: (206) 357-5086
Fax No.: (206) 223-1099
E-mail: rmccallum@lesourd.com

---
BRADLEY A. SMITH
Attorney for Alpha Technologies, Inc.
Washington State Bar Number 23496
LeSourd & Patten, P.S.
600 University Street, Suite 2401
Seattle, Washington, 98101
Telephone: (206) 357-5084
Fax No.: (206) 223-1099
E-mail: bsmith@lesourd.com

DEFENDANT ALPHA TECHNOLOGIES, INC.
SENTENCING MEMORANDUM – 6

LeSOURD & PATTEN, P.S.
600 University Street, Suite 2401
Seattle, Washington 98101-4121
(206) 624-1040 FAX: (206) 223-1099

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the other attorneys of record. I hereby certify that I have served the attorneys of record that are not CM/ECF participants via telefax.

/s/ Robert M. McCallum
ROBERT M. McCALLUM
Attorney for Alpha Technologies, Inc.
Washington State Bar Number 16373
LeSourd & Patten, P.S.
600 University Street, Suite 2401
Seattle, Washington, 98101
Telephone: (206) 357-5086
Fax No.: (206) 223-1099
E-mail: rmccallum@lesourd.com

DEFENDANT ALPHA TECHNOLOGIES, INC.
SENTENCING MEMORANDUM – 7

LeSOURD & PATTEN, P.S.
600 University Street, Suite 2401
Seattle, Washington 98101-4121
(206) 624-1040  FAX: (206) 223-1099